FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

16 AUG 29 PM 1:44

**CASE NO.:**

CLERK. U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS. FLORIDA

OANA STANOIU,

Plaintiff,

v.

2:16-CV-660-FtM-38CM

NORTHWOOD HOSPITALITY, LLC. and
NWNG, LLC. d/b/a NAPLES GRANDE RESORT
AND SPA,

Defendants.

_____/

### COMPLAINT

Plaintiff, OANA STANOIU (hereinafter, "STANOIU" or Plaintiff), by and through her undersigned attorney, hereby files her Complaint, and sues Defendants, NORTHWOOD HOSPITALITY, LLC ("NORTHWOOD") and NWNG, LLC. d/b/a NAPLES GRANDE RESORT AND SPA (hereinafter, "NAPLES," and collectively, Defendants), and says:

### JURISDICTION AND VENUE

1.      This is an action for retaliation with Plaintiff's rights under the Family and Medical Leave Act of 1993, ("FMLA") 29 U.S.C. §§ 2601, *et. seq.*, seeking damages, costs, and attorney's fees.

2.      This Court has jurisdiction of the claims asserted in this complaint pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

3.      The unlawful acts complained of herein occurred within the Middle District of Florida making venue proper in this District.

1

4.    Plaintiff has met all conditions precedent to the maintenance of this action or said conditions have been waived.

## PARTIES

5.    Plaintiff is a citizen and resident of Collier County, Florida, over the age of eighteen years and otherwise *sui juris*.

6.    Defendant NORTHWOOD is a hospitality company which employed STANIOU from May 2015 through July 2016 and issued Plaintiff her paychecks. NORTHWOOD is a Delaware corporation, registered in Florida and doing continuous and substantial business in the Middle District of Florida.

7.    Defendant NAPLES is a beach resort located in Naples, Florida. NAPLES is a fictitious name owned by NWNG, LLC., a Delaware corporation, registered in Florida and doing continuous and substantial business in the Middle District of Florida.

8.    At all times relevant hereto, NORTHWOOD was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

9.    At all times relevant hereto, NAPLES was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

10.    If, however, the two entities did separately employ the requisite number of employees under the FMLA, they are considered joint employers and have jointly employed 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

11.    NORTHWOOD and NAPLES are joint employers in that:

    a.  Both corporations share the same principal place of business;

2

     b.  Both corporations share the same mailing address;

     c.  Both corporations share three out of four corporate officers; and

     d.  NORTHWOOD issued STANIOU her paychecks though the location of STANIOU's employment was within the NAPLES hotel.

12.    Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her request for leave to care for her spouse in June 2016. STANIOU is therefore an "employee" under 29 U.S.C. § 2611(2).

<b><u>GENERAL ALLEGATIONS</u></b>

13.    STANIOU was an employee of NORTHWOOD and NAPLES continuously from May 2015 through July 12, 2016. At all times relevant, STANIOU held a position as a Spa Director at the Naples Grande Resort and Spa in Naples, Florida.

14.    In June 2016, STANIOU's spouse suffered a stroke. At that time, she made a request for FMLA leave to care for her then-fiancé. On June 2, 2016, STANIOU was given the standard Notice of Rights and Responsibilities package which needed to be returned to Human Resources by June 18, 2016.

15.    STANIOU provided the appropriate paperwork, including a marriage certificate as requested, to her employer on or about June 16, 2016.

16.    On June 16, 2016, STANIOU was advised that her FMLA leave was approved from May 31, 2016 until July 26, 2016.

17.    However, on July 12, 2016, STANIOU was ready to come back to work as her husband's condition was stabilizing.

18.    Upon her return to work, STANIOU was advised that her position was eliminated and was not offered a similar position within Defendants' corporation.

3

19.     Plaintiff has hired the undersigned firm to represent her in her claims and has agreed to pay it a reasonable fee.

20.     All conditions precedent to this action have been performed or have been waived.

## COUNT ONE: VIOLATION OF THE FMLA
## (RETALIATION)

21.     Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–20 above as though the same were fully set forth herein.

22.     This is an action under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

23.     At all times relevant, Defendants NORTHWOOD and NAPLES were separately and jointly Plaintiff's "employers" as defined under the FMLA, 29 U.S.C. § 2611.

24.     Plaintiff gave sufficient notice to her employer of her need for leave under the FMLA and provided all necessary paperwork. Such leave was approved by Defendants on or about June 16, 2016.

25.     STANIOU then did take leave from May 31, 2016 through July 12, 2016.

26.      Immediately upon STANIOU's return to work on July 12, 2016, Defendants' terminated Plaintiff's employment.

27.     STANIOU was told that her position had been eliminated and was not offered another similar position.

28.     Plaintiff's termination constitutes an adverse employment action.

29.     The fact that STANIOU took leave was a "protected activity" under the FMLA.

30.     STANIOU's leave was, at minimum, a motivating factor in Defendants' decision to terminate STANIOU's employment.

31.     Defendants' purported reason(s) for terminating Plaintiff are pretextual as other individuals within the hotel whose positions were eliminated but who did not take leave under the FMLA were given other positions as opposed to being terminated.

32.     Defendants, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendants' employees should be imputed to Defendants.

33.     Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendants.

WHEREFORE, Plaintiff OANA STANIOU requests:

a.  Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b.  Interest on the amount found due;

c.  Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d.  Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e.  Such other relief as the Court deems just and proper.

## COUNT TWO: VIOLATION OF THE FMLA (INTERFERENCE)

35.     Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–20 above as though the same were fully set forth herein.

36.     STANIOU was eligible for FMLA leave for care of her spouse pursuant to 29 U.S.C. § 2612(a)(1)(C). She requested leave pursuant to the statute on or about June 1, 2016 and submitted all required paperwork on or about June 18, 2016.

5

37.     Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to be restored to her former position or its equivalent.

38.     When Defendants terminated Plaintiff, Defendants interfered with STANIOU's right to her position (or its equivalent) and thus violated the FMLA.

39.     As a direct result of her termination, Plaintiff has suffered, and will continue to suffer, a loss of wages and benefits.

40.     Defendants' conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

41.     Defendants, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct their employees.

42.     Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendants.

43.     Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff OANA STANIOU requests judgment for:

    a.   Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FMLA, all as provided in 29 U.S.C. § 2617;

    b.   Interest on the amount found due;

    c.   Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d.   Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, OANA STANIOU, hereby demands a trial by jury on all issues and counts so triable contained herein.

Dated: August 26, 2016.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Office)
(855) 423-5298 (Facsimile)

By: _____

CHARLES M. EISS, Esq.
Fla. Bar #612073
ceiss@icelawfirm.com
LINDSAY M. MASSILLON, Esq.
Fla. Bar #92098
lmassillon@icelawfirm.com

7